The plaintiff, trading as National Beauty and Barber Supply Co., and also as National Sales Co., was engaged in the business of sale and distribution of equipment used in the operation of beauty "salons" and with the sale and distribution of chemicals, soaps, perfumes and other supplies used in the operation and conduct of beauty parlors and kindred activities. Sometime in August, 1945, the plaintiff employed the defendant McDevitt as a "route salesman and solicitor" in this business in the States of North Carolina and South Carolina and "particularly throughout the eastern parts of said States." The contract was terminable by either party upon notice.
Pertinent to the controversy now before the Court, the contract contains the following provisions:
 "13 — The Salesman agrees that, upon the termination of this contract of employment he will not own or operate any company or business selling the same type of merchandise as that sold by the Companies within the stipulated territories as herein set out, for a period of five (5) years, and that he will not contact any account handling this same type of merchandise, either in person, by writing, or by telephone, and by the acceptance of employment under this contract, he thereby binds himself to these stipulations and agreements."
The defendant entered into the duties of his employment and remained with the plaintiff until about 5 April, 1947. The defendant gave notice as required by the contract and withdrew from the connection. Thereafter the defendant McDevitt entered into a contract of employment with Elliott's Beauty Supply Co., Inc., which is engaged in sale and distribution of products identical with those sold by the plaintiff herein, and is engaged in soliciting business from those engaged in the operation of beauty shops within North Carolina and South Carolina, including customers of the plaintiff.
It is specified in the complaint:
 "That during the course of his employment with the plaintiff, the defendant McDevitt acquired valuable trade information concerning the plaintiff's business, such as a list of the plaintiff's customers, the price that the plaintiff charged for his supplies, the manner in which the plaintiff's business was conducted, and other valuable trade information and, in violation of his agreement with the plaintiff, is now actively engaged in soliciting business for a competitor from the plaintiff's customers, and is doing vast and irreparable injury to the plaintiff's business." *Page 244 
It is further averred that the defendant McDevitt is insolvent and that his service with his codefendant will do plaintiff large and heavy damages if he is allowed to continue. It is averred that the defendant Elliott's Beauty Supply Co., Inc., knew of the contract existing between plaintiff and McDevitt and conspired with him to violate the agreement and enter its employment.
Plaintiff prays judgment "that the defendant J. A. McDevitt be restrained and enjoined for a period of five years from the 5th day of April, 1947, from working for himself, for the defendant Elliott's Beauty Supply Co., Inc., or for any other person, firm or corporation engaged in the same or in a similar business to that of the plaintiff in the territory specifically set out in the contract of employment herein alleged, to wit, in the States of North Carolina and South Carolina," and that the defendant Elliott's Beauty Supply Co., Inc., be restrained from employing him.
The defendant answered, setting up the defense that the restrictive provisions above quoted are contrary to public policy and void as an unreasonable restraint of employment.
Plaintiff asked that the defendants be temporarily restrained and the matter came up for a hearing before Judge Burney in Chambers at Wilmington on an order to show cause issued by Judge Williams. At this hearing the plaintiff's complaint and the defendant's answer were offered as evidence upon the trial, the plaintiff introducing no further evidence. After consideration of these documents and the argument of counsel, the judge found the facts, including the following, pertinent to decision: That McDevitt, during his employment by plaintiff called upon various persons, firms and corporations in eastern North Carolina, selling beauty parlor equipment, products and supplies, thereby learning who plaintiff's customers were and their credit and financial ability; that after he quit the service of plaintiff he entered the employment of his codefendant Elliott's Beauty Supply Co., a competitor of plaintiff selling a similar type of merchandise, and since his said employment with his codefendant has been calling on customers and accounts that he had theretofore contacted as employee of plaintiff in the eastern section of North Carolina. And, further:
 "That the territory embraced in said contract, that said defendant J. A. McDevitt agreed as hereinbefore set out, not to own or operate a business in or contact accounts of the plaintiff, embraces the entire States of North and South Carolina, and the Court finds as a fact that said area is unreasonable in which an employer could by contract restrain an employee of earning a livelihood in, as a salesman selling goods, wares and merchandise of the type and kind handled by the plaintiff, and that by reason of said contract *Page 245 
embracing all the territory of both North and South Carolina, the said contract is void as against public policy."
The judgment concludes:
 "Upon foregoing facts, the Court is of the opinion and so holds as a matter of law that the said contract hereinbefore referred to, a copy of which is attached hereto, is void and against public policy."
The court thereupon dissolved the restraining order and dismissed the action. The plaintiff appealed, assigning as error "His Honor's ruling and order dismissing said action and denying the plaintiff's prayer for a restraining order, as shown by Exception No. 1." The exception was to the signing of the judgment.
Judge Burney predicated his judgment denying plaintiff injunctive relief and dismissing his action on a holding that under the evidence the territory named in the contract — North Carolina and South Carolina — was too extensive to come within the reasonable requirement of plaintiff's protection, supposing him to be entitled to such relief anywhere upon the facts found, and was an unreasonable restraint on employment. We concur in this conclusion. Giving the plaintiff the benefit of very generous inferences, while he may have shown the conduct of a business to some extent in eastern North Carolina, he has not definitely shown any clientele throughout the much broader territory here involved such as would correlate the protection sought with any need of his business. Comfort Spring Corp. v. Burroughs, 217 N.C. 658,9 S.E.2d 473; cp. Moskins Bros. v. Swartzberg, 199 N.C. 539,155 S.E. 154, cited by appellant. Where the facts are established, reasonableness of restraint is a matter for the court. The court cannot by splitting up the territory make a new contract for the parties — it must stand or fall integrally.
Since the contract is in partial restraint of employment, the burden was on the plaintiff to establish its reasonableness and this he failed to do.Kadis v. Britt, 224 N.C. 154, 29 S.E.2d 543, 152 A.L.R., 405; Benjamin on Sale, Seventh Ed., p. 535; ibid., p. 538.
Other features of the case which the plaintiff sought to present are fully discussed in Kadis v. Britt, supra, which in factual aspect closely parallels the case at bar, and we forbear needless repetition. *Page 246 
In view of the conclusion reached, it is unnecessary to discuss the status of the codefendant company.
The judgment of the Superior Court is
Affirmed.