HENLEY PAPER COMPANY v. JOHN C. McALLISTER, JR.

(Filed 14 December, 1960.)

**1. Appeal and Error § 49—**

In a trial by the court under agreement of the parties, the judgment, in the absence of findings of fact in the record or request for findings, must be affirmed if it is based on any legal ground supported by the evidence.

**2. Contracts § 7—**

Evidence tending to show that defendant, after he had been in plaintiff's employment some three months, was required to sign the contract of employment which stipulated that plaintiff would not engage in like employment within territory specified for a period of three years after the termination of the employment for any cause, supports a finding that the covenant not to engage in like employment

within the territory specified was without consideration, even though there is conflicting evidence to the effect that the covenant was a condition of employment.

**3. Same—**

Contracts restraining employment are not favored and will be upheld only when founded on valuable consideration, are reasonably necessary to protect the interest of the covenantee, do not impose unreasonable hardship upon the covenantor, and do not unduly prejudice the public interest.

**4. Same—**

Defendant's employment was confined to the fine paper trade. A covenant that he would not engage either directly or indirectly in the manufacture, sale or distribution of paper or paper products in a territory extending in a 300 mile radius from any of plaintiff's divisions, embracing territory extending from Delaware to Alabama and from Indiana to the Atlantic, *is held* unreasonable and void in excluding defendant from too much territory and too many activities.

**5. Same—**

A covenant that an employee would not engage in like business within a designated territory for a specified time after the termination of the employment must be construed as it is written, and the courts may not render the contract valid in part by splitting up the territory designated, since this would make a new contract for the parties.

**6. Same—**

Evidence that after the execution of a contract of employment containing a covenant prohibiting the employee from engaging in like business within a specified territory for a period of three years after the termination of the employment for any cause, the parties entered into a subsequent agreement under which the employee was given new and different duties and the employer became obligated to pay a new and different compensation, and which made no reference to the covenant restraining employment, *is held* sufficient to warrant a finding that the subsequent agreement was not a modification of the original agreement, but was a new contract omitting the restrictions.

APPEAL by plaintiff from *Preyer, J.,* July 11, 1960 Special Civil Term, GUILFORD Superior Court (High Point Division).

In this civil action the plaintiff seeks to have the defendant enjoined from engaging, directly or indirectly, in the manufacture, sale, or distribution of paper or paper products within a radius of 300 miles from High Point, Charlotte, Gastonia, and Asheville. The plaintiff alleged in substance: Defendant entered the employment of the plaintiff on January 3, 1950, as a salesman of paper products, of which the plaintiff was a wholesale distributor, with offices in the four cities above named. Before entering upon his duties as a salesman

the defendant spent some time in the offices and departments in order that he might become familiar with plaintiff's methods of doing business. The commercial paper trade is highly competitive. Approximately 35 other distributors do business in the same territory. During the training period and later the defendant became familiar with plaintiff's trade secrets and methods which, if disclosed, would be valuable to a competitor, and likewise damaging to the plaintiff. The contract of employment entered into was dated January 3, 1950. The contract provided for defendant's employment as a full time salesman to be assigned a certain territory and to be paid by commission on sales. The plaintiff reserved the right to discontinue the services of any agent or sales representative for any act that "may not be considered as proper representation of the company in his assigned territory." In addition to the terms of the employment, the contract contained the following:

> "In consideration of the employment of the Salesman by the Company, the execution of this contract, and the sum of Ten ($10.00) Dollars in hand paid to the Salesman by the Company, the recepit of which is hereby acknowledged, the Salesman agrees with the Company that the Salesman shall not, for a period of three years after the termination of this contract, regardless of the cause or manner of said termination, either directly or indirectly engage in the manufacture, sale or distribution of paper or paper products within a radius of 300 miles of any office or branch of the Henley Paper Company or its subsidiary divisions, nor will he aid, assist or have any interest in any such business within the limits of the territory or during said time as herein provided except as an employee of the Company."

The plaintiff's complaint had attached to it as Exhibit C a written memorandum captioned "J. C. McAllister—A. D. Grant (officer in plaintiff company). This will confirm the agreement entered into this day between Mr. Henley (the plaintiff's President) and yourself that effective as of October 1, 1952, your compensation will be on the basis of $400.00 a month salary and, in addition, you will receive a salesman's commission on your sales to the Tri-Bee Label Company. In setting this basis of compensation it is understood that as head of our Fine Paper Kardex-stock control and sales desk department your full time and efforts will be devoted to this department, its part in the development of sales and in training sales personnel, the handling of branch requisitions, mill orders and such other duties as assigned you."

On March 23, 1954, the parties signed the following:

"Confirming conversation between J. C. McAllister and A. B. Henley, President, Henley Paper Company, on this date, March 23, 1954, the Company hereby guarantees you compensation of $10,000 gross income per year effective Jan. 1, 1954. If commissions and other remuneration are less than $10,000.00, the Company will absorb the difference. If commissions and other remuneration exceed $10,000.00, the excess will be for your account.

"This agreement is effective from Jan. 1, 1954, to terminate Dec. 31, 1955, by mutual agreement on thirty days notice."

The plaintiff further alleged that defendant, after notice, voluntarily terminated his employment with the plaintiff and immediately accepted employment with Snyder Paper Corporation, Hickory, North Carolina, one of the plaintiff's competitors. The defendant had kept at his own expense a record of sales, etc., obtained while he was employed by the plaintiff, which he used in seeking business for his new employer. The defendant offered to surrender the records made and kept at his own expense if plaintiff would pay the expenses incurred by the defendant in making them.

The evidence was in dispute as to whether the contract dated January 3, 1950, was signed at the time defendant entered plaintiff's employment or at some later date. The plaintiff adversely examined the defendant and the adverse examination was offered in evidence, but by which party does not clearly appear.

McAllister testified that three, four, or possibly six months after he began work for plaintiff the contract bearing date January 3, 1950, was presented to him by the plaintiff's Mr. Grant, who told him at the time, "all trainees sign this thing or they don't keep their job." The defendant signed the agreement. The record indicates that Mr. Grant, though present at the hearing, did not testify. The defendant offered in evidence certain documents which had been previously identified.

The parties, by stipulation, waived a jury trial. At the close of all the evidence the court denied the motion for a restraining order and dismissed the action. From the judgment accordingly, the plaintiff appealed.

*Schoch and Schoch, By: Arch K. Schoch for plaintiff, appellant.*

*Haworth, Riggs and Kuhn, and Jordan, Wright, Henson & Nichols, By: Welch Jordan for defendant, appellee.*

HIGGINS, J.  The superior court did not assign its reasons for sustaining the demurrer to the evidence and for dismissing the action. The plaintiff contended the restrictive covenant in the contract was entered into at the time and as a part of the consideration for the original employment, and remained in force so long as defendant remained in plaintiff's employment. The plaintiff further contended the contract, because of the character of the business and knowledge thereof by the defendant, was reasonable, both as to time and territory, and should be enforced by injunction.

The defendant contended (1) the contract containing the restrictive covenant was not a part of the original employment agreement but was required after the defendant was already at work and was, therefore, without consideration; (2) was unreasonable and void because of the restraints sought to be imposed upon the defendant; (3) the original contract which contained the covenant was superseded by a new contract of employment which did not embrace the restrictive covenant.

Judge Preyer, not having been requested to do so, did not record findings of fact and conclusions of law. If his decision finds support on any legal ground it becomes our duty to affirm. Mr. McAllister testified that three, four, or possibly six months after he began his employment, Mr. Grant presented the contract and said, "All trainees sign this thing or they don't keep their job." Mr. Grant did not see fit to deny. Whether the evidence shows any consideration for the restrictive covenant is questionable. *Kadis v. Britt*, 224 N.C. 154, 29 S.E. 2d 543; 152 A.L.R. 405; *Scott v. Gillis*, 197 N.C. 223, 148 S.E. 315. The evidence disclosed the defendant was not advised of any restrictive covenant until he had been at work for three, four, or possibly six months. The evidence is sufficient to support a finding the covenant was without consideration.

The evidence shows the defendant was employed in the Fine Paper Division of the plaintiff's business. Likewise it shows the major part of the fine paper business is confined to North Carolina, South Carolina, East Tennessee, Southwest Virginia, and a small territory in West Virginia. The restricted area covered Virginia, Kentucky, Maryland, North Carolina, South Carolina, Tennessee, Virginia, West Virginia, parts of Alabama, Delaware, Indiana, Ohio, and Pennsylvania. The evidence shows the defendant's activities were confined exclusively to the sale and distribution of fine paper products. The restrictive covenant seeks to prevent "either directly or indirectly" engaging "in the manufacture, sale, or distribution of paper or paper products within a radius of 300 miles of any office or

branch of Henley Paper Company or any of its subsidiary divisions." The terms of the restriction, regardless of the cause or manner of discharge, prevented the defendant from taking a job connected with the manufacture, sale, or distribution of paper or paper products. The prohibition would prevent the defendant from cutting pulpwood or gathering linen rags to be used in the manufacture of paper or paper products. Nothing need be added to show the conditions have too many ramifications and impose an undue hardship upon one who had been employed to do no more that sell and deliver fine paper.

As this Court said in *Kadis v. Britt, supra,* "Contracts restraining employment are looked upon with disfavor in modern law. (citing many authorities.) And they have been held to be *prima facie* void. . . .

"For the most part, cases of this class are concerned with the effort on the part of the employer to protect his business against the subsequent use, by a competitor, of trade secrets confidentially acquired in the course of employment; . . . Such contracts are upheld only when they are 'founded on valuable considerations, are reasonably necessary to protect the interests of the parties in whose favor they are imposed, and do not unduly prejudice the public interest.' . . . To this must be added the condition that they do not impose unreasonable hardship upon the convenantor, . . ." See also, *Co-operative Association v. Jones,* 185 N.C. 265, 117 S.E. 174.

"Contracts in partial restraint of trade are still contrary to public policy and are void if nothing shows them to be reasonable. . . . (restriction covering territory) greater than is required for the protection of the plaintiff, is detrimental to the public interest, and is unreasonable and void." *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910.

According to plaintiff's own allegations, more than 35 competitors engage in the wholesale and distribution of all lines of paper products. The defendant's employment was "in the fine paper field." The plaintiff had a wider field of distribution for its coarse or industrial paper than for its fine paper. The defendant had nothing to do with industrial paper. Yet the contract excludes him from industrial paper. The plaintiff is a distributor, not a manufacturer, yet the contract prevents defendant from "either directly or indirectly" engaging in the manufacture, sale or distribution of paper or paper products in a territory extending in a 300-mile radius from any of plaintiff's divisions. The territory extends from Delaware to Alabama; from Indiana to the Atlantic. The contract excludes the defendant from too

much territory and from too many activities. It is, therefore, void and unreasonable. *Noe v. McDevitt*, 228 N.C. 242, 45 S.E. 2d 121.

Whether part of the contract might be deemed reasonable and enforceable is not the question. It comes to us as a single document. We must construe it as the parties made it. "The Court cannot by splitting up the territory make a new contract for the parties. It must stand or fall integrally." *Noe v. McDevitt, supra.*

The original contract established the relationship of employer and employee. It described duties to be performed by the employee — salesman; and compensation to be paid by the employer — commissions. Some time prior to November 4, 1952, the parties entered into another agreement. The memorandum thereof was drawn on that day by the plaintiff. The new agreement provided the defendant's compensation beginning October 1, 1952, should be $400 per month and commission on sales to Tri-Bee Label Company. It changed the defendant's duties completely and he became head of the Fine Paper Kardex-stock control and sales desk department. His duties were to develop sales and train sales personnel. By memorandum dated March 23, 1954, the defendant was guaranteed compensation of $10,000 per year. Thus by agreement subsequent to January 3, 1950, of which the exhibits quoted above are memoranda, the duties of the defendant and his compensation were changed without any reference to or mention of the original contract. Thus the defendant became employed to perform new duties and plaintiff became obligated to pay new and different compensation. Inasmuch as the parties by the subsequent agreement fixed the terms of employment and the obligation of the parties each to the other without any reference whatever to the original contract, it is not unreasonable to assume the new contract was intended as a substitution for and not a modification of the original agreement. With the exception of the restrictive covenant, all other provisions of the original contract were changed. The evidence before the court would warrant a finding the parties intended to make a new contract omitting the restrictions. *Tomberlin v Long*, 250 N.C. 640 109 S.E. 2d 365; *Roberts v. Mills*, 184 N.C. 406, 114 S.E. 530.

For the reasons indicated, the testimony and the record evidence before Judge Preyer offer abundant support from his order, which is

Affirmed.