JAMES C. GREENE COMPANY, A NORTH CAROLINA CORPORATION v. L. E. KELLEY, JR.

(Filed 17 January 1964.)

**1. Injunctions § 14—**

Where injunction is the sole relief sought and plaintiff's evidence at the final hearing fails to make out a cause of action for the relief, dismissal of the action is proper.

**2. Contracts § 7—**

   A contract not to engage in competitive employment with the employer after termination of the employment ordinarily must be in writing, be supported by a valid consideration, and be reasonable as to terms, time, and territory.

**3. Same—**

   Where plaintiff's evidence establishes that defendant had been working at the same employment for more than a year when defendant signed the contract containing a covenant restricting activities by defendant in competition with plaintiff after the termination of the employment, and plaintiff's evidence fails to show that any increase in defendant's salary was related to the covenant.

APPEAL by plaintiff from *Williams, J.,* April, 1963 Civil Session, WAKE Superior Court.

The plaintiff instituted this civil action to restrain the defendant from violating his covenant not to engage in the business of adjusting insurance claims and losses in competition with plaintiff within 75 miles of Morehead City for a term of four years after leaving plaintiff's employment.

The allegations and proof disclose the parties entered into a written contract on December 11, 1953, and another in substitution thereof on September 27, 1954, in each of which the defendant agreed not to engage in competition with plaintiff within 75 miles of Morehead City for a period of four years from the termination of his employment. The contract provided that either party might terminate upon 30 days notice. The allegations and proof disclose the defendant terminated the contract and immediately thereafter engaged in the adjustment of insurance claims and losses in competition with the plaintiff in Morehead City.

The defendant, by way of defense, alleged that he had been employed by the plaintiff for more than one year before the first of the written contracts was executed, and, further, that the contract was without consideration. He further contended the contract was in restraint of trade, too extensive as to time, territory, and unreasonably deprived him of his opportunity to earn support for his family, and was void for these reasons.

On the plaintiff's application, the court entered an order restraining the defendant from competing with the plaintiff in violation of the terms of the written contract, and continued the restraint until the final hearing. Upon that hearing Judge Williams entered judgment of nonsuit, from which the plaintiff appealed.

Smith, Leach, Anderson & Dorsett, for plaintiff appellant.
Lake, Boyce and Lake by Eugene Boyce, Harvey Hamilton, Jr., Luther Hamilton, Sr., for defendant appellee.

HIGGINS, J. The plaintiff sought to restrain the defendant from engaging in the business of adjusting insurance claims and losses within 75 miles of Morehead City for a period of four years after the termination of his employment. No other relief was sought. If the plaintiff's proof fails to entitle it to the relief sought, nonsuit was proper. Failure to make out a case requires dismissal by the court Yandell v. American Legion, 256 N.C. 691, 124 S.E. 2d 885.

The defendant admitted he signed a paper writing containing a provision that he would not engage in competition in the manner alleged. He admitted he had not observed these restrictions. The admissions made out a *prima facie* case. Hence, nonsuit would not be proper unless the plaintiff's evidence, as a matter of law, made out a complete defense.

The courts generally have held that restrictive covenants not to engage in competitive employment are in partial restraint of trade, and hence to be enforceable they must be (1) in writing, (2) supported by a valid consideration, and (3) reasonable as to terms, time, and territory. Failure in either requirement is fatal. *Exterminating Co. v. Griffin*, 258 N.C. 179, 128 S.E. 2d 139; *Asheville Associates v. Miller*, 255 N.C. 400, 121 S.E. 2d 593; *Welcome Wagon v. Pender*, 255 N.C. 244, 120 S.E. 2d 739; *Paper Co. v. McAllister*, 253 N.C. 529, 117 S.E. 2d 431; *Thompson v. Turner*, 245 N.C. 478, 96 S.E. 2d 263; *Ice Cream Co. v. Ice Cream Co.*, 238 N.C. 317, 77 S.E. 2d 910; *Sonotone Corp. v. Baldwin*, 227 N.C. 387, 42 S.E. 2d 352; *Kadis v. Britt*, 224 N.C. 154 29 S.E. 2d 543, 152 A.L.R. 405.

It is generally agreed that mutual promises of employer and employee furnish valuable considerations each to the other for the contract. However, when the relationship of employer and employee is already established without a restrictive covenant, any agreement thereafter not to compete must be in the nature of a new contract based upon a new consideration. *Kadis v. Britt, supra*. Therefore, the employer could not call for a covenant not to compete without compensating for it.

The defendant, as a further defense, alleged he had been working for the plaintiff, and for its predecessor who assigned the contract to the plaintiff, for approximately one year, and that the written contract dated December 11, 1953, did not change his employment status; that he received no consideration whatever for the added covenant not to compete.

The plaintiff, by a reply, entered a general denial. Both the original and the succeeding contracts, however, contained this provision: "This Contract, when executed by both Employer and Employee, supersedes all previous written and oral agreements between the parties hereto." The plaintiff's witness Fornes testified: ". . . I went back to New Bern, North Carolina, with James C. Greene Company about February 1, 1953. . . . Mr. Kelley was working in the New Bern office. He had been working there about three months." So, according to the plaintiff's evidence, the defendant had been working at the same employment for more than one year before the first written contract was executed. While the defendant from time to time received increases in salary, the evidence fails to relate any of them to the covenant not to compete. The new contract with the restrictive covenant was without consideration—hence invalid. Upon the plaintiff's own evidence, Judge Williams was justified in entering the judgment of nonsuit.

Affirmed.