WORTH CHEMICAL CORPORATION v. DUANE S. FREEMAN, JR. AND CARDINAL PRODUCTS, INCORPORATED.

(Filed 6 May, 1964.)

Contracts § 7—

Where there is no written agreement at the inception of the employment that the employee should not engage in competition with the employer for a stated period after the termination of the employment, a written agreement to this effect executed thereafter is void for want of consideration.

APPEAL by plaintiff from *Phillips, E. J.,* December 1963 Civil Session of GUILFORD (Greensboro Division).

Plaintiff instituted this action on November 6, 1963 to restrain the defendant Freeman until July 19, 1964 from selling heavy industrial chemicals within a radius of 225 miles of Greensboro and to restrain defendant Cardinal Products, Inc. from employing Freeman as a salesman. Plaintiff applied to the court for a restraining order pending the final determination of the action. On December 11, 1963 the judge heard the application upon the verified pleadings and the affidavits of all the parties. Only brief summaries of the affidavit are included in the transcript. However, the "Statement of Facts" in the agreed case on appeal shows the following:

Plaintiff is a corporation engaged in selling heavy industrial chemicals to manufacturers in North Carolina and parts of South Carolina, Tennessee, Virginia, and West Virginia. It has never had more than three salesmen working for it at any one time. On September 1, 1960 plaintiff engaged Freeman as a salesman at $450.00 a month to work its territory. Thereafter on September 16, 1960, the parties signed an employment contract which recited, *inter alia,* that "Whereas, the Company (plaintiff) has employed the Employee (defendant) as a Salesman at a monthly salary of Four Hundred Fifty Dollars $450.-00)," the employee agreed that in the event he should terminate his employment with the Company he would not in any manner engage in any activity in competition with plaintiff for a period of twelve months within a radius of 225 miles of Greensboro, North Carolina. Because of a personality conflict with the plaintiff's president, Freeman terminated his contract with the plaintiff on July 19, 1963 and thereafter went to work as a salesman for defendant Cardinal Products, Inc., a competitor of plaintiff's. Since August 1963, Cardinal Products, Inc. had been aware of the terms of the written contract which plaintiff and Freeman executed on September 16th.

Judge Phillips held that plaintiff was not entitled to the restraining order for which it prayed. From his order denying an injunction, plaintiff appealed.

*Forman, Zuckerman & Scheer for plaintiff.*
*Nick Galifianakis for defendant.*

PER CURIAM. At the time the relationship of employer and employee was established between the plaintiff and defendant Freeman on September 1, 1960, no written contract evidenced a covenant restricting Freeman's right to engage in competitive employment. To be enforceable such a covenant must be (1) in writing, (2) supported by a valid consideration, and (3) reasonable as to terms, times and territory. The written contract of September 16, 1960 was a new contract without a new consideration. This case is controlled by *Greene v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166. Judge Phillips correctly declined to issue the injunction. His judgment is
Affirmed.