WHITTAKER GENERAL MEDICAL CORPORATION v. CONNIE DANIEL AND
DR. T. C. SMITH COMPANY

No. 6PA88

(Filed 8 June 1989)

**Master and Servant § 11— covenant not to compete—calling on former employer's customers—enforceable**

The trial court erred by entering a judgment notwithstanding the verdict for defendants in an action to enforce a covenant not to compete where defendant Daniel began working for plaintiff in 1971 as a clerical worker, later becoming a full-time secretary and part-time salesperson; she became a full-

time salesperson in 1976 with an increase in salary and an automobile allowance, signing a non-competition agreement at that time; all of plaintiff's sales personnel were put on a commission basis in 1982 without a salary or automobile allowance and without a new non-competition agreement; defendant resigned from plaintiff in 1985 and began to work for defendant Dr. T. C. Smith Company, a competitor of plaintiff; defendant Daniel was successful in getting many of the customers of plaintiff to move to defendant Smith; and the jury returned a verdict against Daniel for breach of contract and Smith for tortious interference with the contract. The covenant not to compete was enforceable under *United Laboratories, Inc. v. Kuykendall,* 322 N.C. 643; the second contract was not a novation even though it changed the method of compensation and the sales territory because the second contract did not mention the rest of the first contract and the two may be enforced consistently; there was consideration for the covenant not to compete in the promotion to full-time salesperson and the substantial rise in salary; and an allegedly overbroad provision in the non-competition agreement forbidding defendant Daniel from employment in any capacity with a manufacturer of any product plaintiff sold, rented or distributed was not enforced by plaintiff and was not before the court. The appeal regarding the Dr. T. C. Smith Company was abandoned.

ON discretionary review of a decision of the Court of Appeals, 87 N.C. App. 659, 362 S.E. 2d 302 (1987), affirming a judgment of the Superior Court of WAKE County entered 6 October 1986. Heard in the Supreme Court 10 October 1988.

In this action the plaintiff seeks damages against defendant Connie Daniel for the breach of an employee's covenant not to compete and against defendant Dr. T. C. Smith Company for tortious interference with a contract. The defendant Connie Daniel was employed as a salesperson for the plaintiff. She left that employment in 1985 and began working for the defendant Dr. T. C. Smith Company as a salesperson. The plaintiff obtained a temporary restraining order on 21 August 1985 restraining Connie Daniel from competing with the plaintiff. The restraining order was dissolved and the court denied a motion for a preliminary injunction.

The case was tried during the 8 September 1986 session of superior court. The evidence showed that Connie Daniel began working for General Medical Corporation, the plaintiff's predecessor, in 1971 as a clerical worker. She then became a part-time secretary and part-time salesperson. In March 1976 she became a full-time salesperson. Her salary was raised and she received an automobile allowance. At that time she signed a contract in which it was recognized that customers of plaintiff were "assets and

good will of" the plaintiff. She agreed further that for two years after the termination of her employment she would not "call upon, solicit or interfere with or divert in any way any customers served by" plaintiff in the territory which was assigned to her at the time of the termination. On 26 February 1982 the plaintiff put all its sales personnel, including Connie Daniel, on a commission basis. From that time Connie Daniel no longer received a salary or automobile allowance. A new non-competition agreement was not executed. Connie Daniel's income increased substantially under this arrangement.

Connie Daniel resigned from the plaintiff on 28 June 1985 and began to work for the defendant Dr. T. C. Smith Company on 1 July 1985. Smith was a competitor of the plaintiff. Connie Daniel was successful in getting many of the customers of plaintiff to move to the defendant Smith.

The jury returned a verdict of $93,551.00 against Connie Daniel for breach of contract and for the same amount against Smith for tortious interference with a contract. The jury returned a verdict for $12,898.00 in punitive damages against Dr. T. C. Smith Company. The court entered a judgment notwithstanding the verdict for the defendants. The Court of Appeals affirmed and we allowed discretionary review.

*Hunton & Williams, by Julius A. Rousseau, III, for plaintiff appellant.*

*Morris, Phillips and Cloninger, by William C. Frue, Jr., and William C. Morris, Jr., for defendant appellees.*

WEBB, Justice.

We deal first with the claim against Connie Daniel. This claim brings to the Court a question as to whether damages may be awarded in an action on a covenant not to compete contained in an employment contract. Such covenants are enforceable in this state if they are (1) in writing, (2) made part of a contract of employment, (3) based on valuable consideration, (4) reasonable both as to time and territory, and (5) not against public policy. *United Laboratories, Inc. v. Kuykendall,* 322 N.C. 643, 370 S.E. 2d 375 (1988).

The Court of Appeals, relying on *United Laboratories, Inc. v. Kuykendall,* 87 N.C. App. 296, 361 S.E. 2d 292 (1987), held that the customers developed by the defendant Connie Daniel for the plaintiff did not constitute a legitimate business interest of the plaintiff and it is against public policy for the law to protect this interest. The court's holding was based in part on the fact that no confidential information or trade secrets were used by Connie Daniel in developing the customers. In *United Laboratories, Inc. v. Kuykendall,* 322 N.C. 643, 370 S.E. 2d 375, we reversed the Court of Appeals and held that customers developed by a salesperson are the property of the employer and may be protected by a contract under which the salesperson is forbidden from soliciting those customers for a reasonable time after leaving his or her employment. We are bound by *Kuykendall,* as decided by this Court, to reverse the Court of Appeals.

The defendants contend that in February 1982 a new contract was executed between Whittaker and Connie Daniel which superseded the contract under which Connie Daniel had been working. They say that this constituted a novation and under the new contract there was no provision Connie Daniel would not compete with the plaintiff after she left its employment.

A novation occurs when the parties to a contract substitute a new agreement for the old one. The intent of the parties governs in determining whether there is a novation. If the parties do not say whether a new contract is being made, the courts will look to the words of the contracts, and the surrounding circumstances, if the words do not make it clear, to determine whether the second contract supersedes the first. If the second contract deals with the subject matter of the first so comprehensively as to be complete within itself or if the two contracts are so inconsistent that the two cannot stand together a novation occurs. *See Wilson v. McClenny,* 262 N.C. 121, 136 S.E. 2d 569 (1964); *Tomberlin v. Long,* 250 N.C. 640, 109 S.E. 2d 365 (1959); *Turner v. Turner,* 242 N.C. 533, 89 S.E. 2d 245 (1955); *Bank v. Supply Co.,* 226 N.C. 416, 38 S.E. 2d 503 (1946).

In February 1982 the plaintiff stopped paying salaries to its salespersons including Connie Daniel. In addition Connie Daniel lost her automobile allowance of $155.00 per month, her reimbursement for business and entertainment expenses, and her of-

fice. She was also assigned Warren, Granville, Franklin and Vance Counties as her territory in addition to Wake County. The question posed by this appeal is whether the new contract was so inconsistent with the first contract that we must hold as a matter of law that a novation occurred. We cannot so hold. It is true that the second contract changed the method of compensation and the territory of Connie Daniel but it did not mention the rest of the first contract. The two contracts may be enforced consistently. The jury could have found it was not the intent of the parties to abrogate the first contract except to the extent set forth in the second.

*Paper Co. v. McAllister*, 253 N.C. 529, 117 S.E. 2d 431 (1960), upon which the defendants rely, is not helpful to them. In that case the employee who had signed an agreement not to compete signed a new contract in which he was assigned a different job. The new contract did not contain a covenant not to compete. Among other reasons for affirming the superior court's judgment denying an injunction, this Court said the superior court could have found the parties intended to make a new contract. In this case the evidence was submitted to the jury and the jury held the parties did not intend to substitute a new contract for the first one.

The defendants also argue that the agreement not to compete was not supported by consideration. When the relationship of employer and employee is established before the covenant not to compete is signed there must be consideration for the covenant such as a raise in pay or a new job assignment. *Chemical Corp. v. Freeman*, 261 N.C. 780, 136 S.E. 2d 118 (1964); *Greene Co. v. Kelley*, 261 N.C. 166, 134 S.E. 2d 166 (1964); *Kadis v. Britt*, 224 N.C. 154, 29 S.E. 2d 543 (1944). In this case the plaintiff's evidence showed that prior to 4 March 1976 Connie Daniel had been employed as a part-time secretary and part-time salesperson. On that day she was promoted to full-time salesperson and received a substantial raise in salary. This supports a finding by the jury that the parties entered into a new contract supported by adequate consideration with an ancillary covenant by the employee not to compete.

The defendants rely on *Collier Cobb and Assoc. v. Leak*, 61 N.C. App. 249, 300 S.E. 2d 583 (1983), *disc. rev. denied*, 308 N.C.

543, 304 S.E. 2d 236 (1983); *Mastrom, Inc. v. Warren*, 18 N.C. App. 199, 196 S.E. 2d 528 (1973); and *Wilmar, Inc. v. Liles*, 13 N.C. App. 71, 185 S.E. 2d 278 (1971), *cert. denied*, 280 N.C. 305, 186 S.E. 2d 178 (1972), to argue that there was no consideration for the covenant in this case. Each of those cases is distinguishable from this case. In each of them the employee had been working for some time before the noncompetition covenant was signed. In none of them was the job of the employee changed at the time the agreement not to compete was signed. In *Collier Cobb* there was not an increase in compensation and in the other two cases the Court held the promises of additional compensation were so illusory that they were not consideration which would support a promise.

The last contention of the defendants is that the contract is too broad. The paragraph of the contract which provides Connie Daniel will not solicit, interfere, or divert the plaintiff's customers contains a separate provision which provides that Connie Daniel will not engage in the "business of manufacturing, selling, renting or distributing any goods manufactured, sold, rented or distributed by Employer during the term of his employment, either for himself or for any individual, firm or corporation in the business of manufacturing, selling, renting or distributing any of said items."

The defendants argue that although the plaintiff was not a manufacturer it sought to prohibit Connie Daniel from employment in any capacity with a manufacturer of any product plaintiff sold, rented or distributed and this is an unnecessarily broad prohibition. If a contract by an employee in restraint of competition is too broad to be a reasonable protection to the employer's business it will not be enforced. The courts will not rewrite a contract if it is too broad but will simply not enforce it. *Paper Co. v. McAllister*, 253 N.C. 529, 117 S.E. 2d 431; *Noe v. McDevitt*, 228 N.C. 242, 45 S.E. 2d 121 (1947). If the contract is separable, however, and one part is reasonable, the courts will enforce the reasonable provision. *Welcome Wagon, Inc. v. Pender*, 255 N.C. 244, 120 S.E. 2d 739 (1961). In this case the plaintiff has not attempted to enforce the provision of the contract which forbids Connie Daniel from engaging in manufacturing. That provision is not before us. We hold that the part which is before us is separable and may be enforced by the award of damages.

In regard to the claim against Dr. T. C. Smith Company for tortious interference with a contract the plaintiff did not present any argument in its brief to the Court of Appeals or to this Court. The appeal as to this claim is deemed abandoned. N.C.R. App. P. 28(a). *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976). We do not disturb the entry of the judgment in favor of Dr. T. C. Smith Company.

We hold that the Court of Appeals erred in affirming the judgment notwithstanding the verdict entered in superior court as to compensatory damages against Connie Daniel. Because the question is not before us, we leave undisturbed that portion of the Court of Appeals' opinion affirming judgment notwithstanding the verdict by the superior court in favor of Dr. T. C. Smith Company. We remand to the Court of Appeals for further remand to the superior court for entry of judgment on the jury verdict against Connie Daniel for breach of contract.

Reversed in part and remanded.