PHILLIP E. HEJL, Plaintiff-Appellee v. HOOD, HARGETT & ASSOCIATES, INC., Defendant-Appellant

No. COA08-1065

(Filed 7 April 2009)

**1. Appeal and Error— declaratory judgment order—reviewed as summary judgment**

A trial court order concluding that a non-solicitation agreement was void as a matter of law was reviewed as a summary judgment where it appeared that the complaint for declaratory relief had been treated as a summary judgment, there were no disputed issues of fact, and summary judgment was an appropriate procedure in a declaratory judgment action.

**2. Employer and Employee— non-compete agreement—consideration**

A non-solicitation agreement signed after plaintiff had been working for defendant for fourteen years and after a payment of $500 was not void for lack of consideration. There was no allegation of inducement by fraud and the consideration was not illusory. The parties rather than the courts judge the adequacy of the consideration.

**3. Employer and Employee— non-compete agreement—time limitation—reasonable**

A non-solicitation agreement was reasonable as to time where the restriction was three years.

**4. Employer and Employee— non-compete agreement—insurance—territory—not reasonable**

A non-solicitation agreement signed by an insurance account executive was not reasonable as to territory and was not enforce-

able where the geographic area included the city where the office of the insurance company (defendant) was located, two states where defendant may offer services, and any person, firm, or entity to whom defendant had sold or quoted any product or service. Defendant's attempt to prevent plaintiff from obtaining clients where defendant had failed to do so was an impermissible restraint.

Appeal by Defendant from judgment dated 27 February 2008 by Judge Robert P. Johnston in Superior Court, Mecklenburg County. Heard in the Court of Appeals 11 February 2009.

*Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by Robert C. Dortch, Jr., for Plaintiff-Appellee.*

*Cozen O'Connor, by Paul A. Reichs and Kimberly Sullivan, for Defendant-Appellant.*

McGEE, Judge.

Phillip E. Hejl (Plaintiff) was hired as an account executive by the insurance company, Hood, Hargett & Associates, Inc. (Defendant) in July 1991. Defendant presented a non-solicitation contract (the Agreement) to Plaintiff fourteen years later, in January 2005. Defendant offered Plaintiff $500.00 to sign the Agreement, and Plaintiff signed the Agreement on 11 January 2005. The Agreement provided in relevant part:

1. **Consideration**. As consideration for the restrictions contained herein, [Defendant] shall pay [Plaintiff] the sum of FIVE HUNDRED DOLLARS ($500.00). [Plaintiff] acknowledges that this is reasonable and adequate consideration for the promises contained herein.

2. **Restrictive Covenant: Solicitation.** [Plaintiff] acknowledges that [Plaintiff's] services as an Account Executive/ Producer and as a key employee in a position of trust are of a special and unusual character having unique value to [Defendant], the loss of which cannot adequately be compensated by damages in an action at law. [Plaintiff] further acknowledges that [Defendant] has invested or will be required to invest significant time and money in training [Plaintiff], and that [Defendant] has or will be required to disclose to [Plaintiff] confidential and proprietary information, including, but not limited to, customer lists and rate structure information.

In consideration of employment, the mutual agreements contained herein and the payment of such compensation and benefits as agreed herein, [Plaintiff] agrees as follows:

(a) For a period of two years following [Plaintiff's] termination of employment, [Plaintiff] shall not:

(i) On behalf of himself, another insurance company and/or agency, directly or indirectly, seek to induce, promote, facilitate, solicit, quote rates for, receive, write, bind, broker, transfer or accept replacement or renewal of insurance or otherwise provide insurance and/or insurance services on behalf of any person, firm or entity to whom [Defendant] has sold any product or service, or quoted any product or service, whether or not for compensation, in the one year prior to the time [Plaintiff] ceases to be employed by [Defendant]. Nor will [Plaintiff] induce or seek to induce the discontinuance or lapse of any insurance coverage or service provided or placed by [Defendant] in the one year prior to the time [Plaintiff] ceases to be employed by [Defendant]. This restriction applies regardless of whether [Plaintiff], directly or indirectly contacts the policyholder or prospect, or whether the policyholder or prospect contacts or seeks to contact [Plaintiff].

. . .

(b) . . . [Plaintiff] covenants to refrain from performing or engaging in the activity prohibited by paragraph 2(a) hereof and its subparts in (1) Charlotte, North Carolina, or (2) in any other city, town, borough, township, village or other place in the State of North Carolina or the State of South Carolina in which city, borough, township, village or other place [Defendant] is engaged in rendering its services or selling its products.

After signing the Agreement, Plaintiff continued to work for Defendant two more years. Defendant terminated Plaintiff's employment on 5 February 2007.

Plaintiff filed a complaint for declaratory relief on 10 September 2007. In his complaint, Plaintiff alleged he:

intends to seek to induce, solicit, quote rates for, receive, write, bind, broker, transfer, or accept placement or renewal of insurance on behalf of persons or entities to whom Defendant sold any product or service in the one year prior to the time Plaintiff was terminated by Defendant. Plaintiff intends to undertake those actions in North Carolina and South Carolina.

Plaintiff requested that the trial court declare the rights and obligations of the parties regarding the enforceability of the Agreement. Specifically, Plaintiff asked the trial court to determine whether the Agreement was void because it: (1) lacked material and substantial consideration, (2) was overly broad with regard to length of time and breadth, or (3) was overly broad with regard to geographic scope.

Defendant filed an answer and counterclaim on 21 November 2007. Defendant admitted the facts alleged in Plaintiff's complaint, and joined Plaintiff in asking the trial court to determine the validity of the Agreement by considering the issues of consideration and the time and geographic scope of the Agreement. In addition, Defendant counterclaimed for breach of contract, seeking damages in accordance with the Agreement. Plaintiff filed a reply to Defendant's counterclaim on 2 January 2008.

The matter was heard on 27 February 2008. After considering pleadings, affidavits, briefs, and arguments of counsel, the trial court entered an order on 6 March 2008. The trial court concluded the Agreement was void as a matter of law due to the lack of adequate and valuable consideration. The trial court ordered that the Agreement was unenforceable and dismissed Defendant's counterclaim with prejudice. Defendant appeals.

[1] Defendant first argues the trial court erred in finding the Agreement void due to a lack of adequate and valuable consideration. Defendant further argues the trial court should not have dismissed Defendant's counterclaim as the Agreement was reasonable as to time and scope and was therefore valid and enforceable.

"The Declaratory Judgment Act, [N.C. Gen. Stat. §] 1-253 *et seq.*, affords an appropriate procedure for alleviating uncertainty in the interpretation of written instruments and for clarifying litigation." *Bellefonte Underwriters Insur. Co. v. Alfa Aviation*, 61 N.C. App. 544, 547, 300 S.E.2d 877, 879 (1983) (citing *Insurance Co. v. Curry*, 28 N.C. App. 286, 221 S.E.2d 75, *disc. review denied*, 289 N.C. 615, 223 S.E.2d 396 (1976)), *aff'd per curiam*, 310 N.C. 471, 312 S.E.2d 426

(1984). "North Carolina courts have held that summary judgment is an appropriate procedure in an action for declaratory judgment." *Medearis v. Trustees of Myers Park Baptist Church*, 148 N.C. App. 1, 4, 558 S.E.2d 199, 202 (2001) (citing *Conner Co. v. Spanish Inns*, 294 N.C. 661, 242 S.E.2d 785 (1978), *disc. review denied*, 355 N.C. 493, 563 S.E.2d 190 (2002); *see also Montgomery v. Hinton*, 45 N.C. App. 271, 262 S.E.2d 697 (1980)). "Summary judgment may be entered . . . under Rule 56 of the North Carolina Rules of Civil Procedure, and the Rule applies in an action for declaratory judgment." *Bellefonte*, 61 N.C. App. at 547, 300 S.E.2d at 879 (citing *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42-43 (1972)). Therefore, on review of a declaratory judgment action, we apply the standards used when reviewing a trial court's determination of a motion for summary judgment. *Medearis*, 148 N.C. App. at 4, 558 S.E.2d at 202.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) (citing *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E.2d 411 (1958) and *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E.2d 673 (1956)).

In the present case, the existence and provisions of the Agreement are admitted, and the facts are not in controversy. The controversy is the legal significance of those facts. Further, although Plaintiff's complaint was labeled "Complaint for Declaratory Relief," it appears the trial court treated it as a motion for summary judgment. With no disputed issues of fact, and with summary judgment being an appropriate procedure in a declaratory judgment action, we review the trial court's judgment as a motion for summary judgment determining whether the trial court's judgment can be sustained on any grounds.

## I. Consideration

[2] We first review Defendant's argument that the trial court erred in its conclusion of law that the Agreement was not a valid contract due to the lack of adequate and valuable consideration. Our Courts have

HEJL v. HOOD, HARGETT & ASSOCS.

[196 N.C. App. 299 (2009)]

held that a covenant not to compete is valid if the covenant is: " '(1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy.' " *Exterminating Co. v. Griffin and Exterminating Co. v. Jones*, 258 N.C. 179, 181, 128 S.E.2d 139, 140-41 (1962) (quoting *Asheville Associates v. Miller and Asheville Associates v. Berman*, 255 N.C. 400, 402, 121 S.E.2d 593, 594. (1961)). "Where the covenant is entered into in connection with an employee's being hired for a job, it is generally held that 'mutual promises of employer and employee furnish valuable considerations each to the other for the contract.' " *Reynolds & Reynolds Co. v. Tart*, 955 F. Supp. 547, 553 (W.D.N.C. 1997) (quoting *Greene Co. v. Kelley*, 261 N.C. 166, 168, 134 S.E.2d 166, 167 (1964)). However, when the restrictive covenant is entered into after an already existing employment relationship, the covenant must be. supported by "new consideration." *Greene Co.*, 261 N.C. at 168, 134 S.E.2d at 167 (emphasis added) (citing *Kadis v. Britt*, 224 N.C. 154, 29 S.E.2d 543 (1944)).

In the present case, Plaintiff signed the Agreement after he had been working for Defendant for fourteen years. Therefore, in order to be valid, the Agreement must be supported by "new consideration," *Greene Co.*, 261 N.C. at 168, 134 S.E.2d at 167, or "separate consideration." *Stevenson v. Parsons*, 96 N.C. App. 93, 97, 384 S.E.2d 291, 292-93 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990) and *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 597, 632 S.E.2d 563, 571 (2006). Our Courts have held the following benefits all meet the "new" or "separate" consideration required for a non-compete agreement entered into after a working relationship already exists: continued employment for a stipulated amount of time;[1] a raise, bonus, or other change in compensation;[2] a promotion; [3] additional training;[4] uncertificated shares;[5] or some other increase in responsibility or number of hours worked.[6] In addition to being

---

1. *Amdar, Inc. v. Satterwhite*, 37 N.C. App. 410, 246 S.E.2d 165, *disc. review denied*, 295 N.C. 645, 248 S.E.2d 249 (1978).

2. *See Associates, Inc. v. Taylor*, 29 N.C. App. 679, 225 S.E.2d 602 (1976); *Whittaker General Medical Corp. v. Daniel*, 324 N.C. 523, 379 S.E.2d 824 (1989).

3. *Associates, Inc. v. Taylor*, 29 N.C. App. 679, 225 S.E.2d 602 (1976).

4. *Sales & Service v. Williams*, 22 N.C. App. 410, 206 S.E.2d 745 (1974).

5. *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 652 S.E.2d 284 (2007), *disc. review denied*, 362 N.C. 177, 658 S.E.2d 485 (2008).

6. *Whittaker Gen. Med. Corp. v. Daniel*, 324 N.C. 523, 379 S.E.2d 824 (1989).

**HEJL v. HOOD, HARGETT & ASSOCS.**

[196 N.C. App. 299 (2009)]

"new" and "separate," the consideration must not be illusory. Where the consideration is illusory, a party will not be bound to the agreement and the Court may set aside the contract for lack of consideration. *See Milner Airco, Inc. v. Morris*, 111 N.C. App. 866, 870, 433 S.E.2d 811, 814 (1993) (holding where the contract recited consideration but did not actually bind the employer to any promise, the consideration was illusory at best and therefore the contract was unenforceable).

Defendant argues the $500.00 constitutes new and adequate consideration to bind Plaintiff to the Agreement entered into after Plaintiff's employment began. Plaintiff counters that the consideration was not adequate because it was not a raise, promotion, or "anything of substance." However, the undisputed facts show Plaintiff received $500.00 as consideration for signing the Agreement.

Our Courts have not evaluated the *adequacy* of the consideration. Rather, the parties to a contract are the judges of the adequacy of the consideration. " 'The slightest consideration is sufficient to support the most onerous obligation, the inadequacy, . . . is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced.' " *Machinery Co. v. Insurance Co.*, 13 N.C. App. 85, 90-91, 185 S.E.2d 308, 311-12 (1971) (quoting *Young v. Highway Commission*, 190 N.C. 52, 57, 128 S.E. 401, 403 (1925)), *cert. denied*, 280 N.C. 302, 186 S.E.2d 176 (1972). Where there is no fraud and the " 'parties have dealt at arms length and contracted, the Court cannot relieve one of them because the contract has proven to be a hard one.' " *Bald Head Island Utils., Inc. v. Village of Bald Head Island*, 165 N.C. App. 701, 704, 599 S.E.2d 98, 100 (2004) (quoting *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 722, 127 S.E.2d 539, 543 (1962)).

Plaintiff makes no allegation the Agreement was induced by fraud. Further, the consideration was not illusory because Plaintiff accepted the $500.00 at the time he signed the contract. Therefore, because the parties dealt at arms length, and the Plaintiff received $500.00 as consideration for signing the Agreement, we find the Agreement is not void due to lack of consideration.

II. Scope

We next consider Defendant's argument that the Agreement is valid because, in addition to being supported by consideration, the Agreement was reasonable as to time and territory.

## A. Time

[3] The Agreement restricted Plaintiff's business activities for "a period of two years following [Plaintiff's] termination of employment." In addition, the Agreement included a one-year look-back period that prevented Plaintiff from providing services to anyone Defendant had as a client or had quoted products or service to for one year prior to Plaintiff's termination. Thus, the time restriction was three years. *Farr Assocs. v. Baskin* 138 N.C. App. 276, 280, 530 S.E.2d 878, 881 (2000). Our Supreme Court held a covenant of five years' duration to be valid in *Welcome Wagon, Inc. v. Pender*, 255 N.C. 244, 120 S.E.2d 739 (1961), and Plaintiff in the present case offers no case law holding a three-year covenant to be invalid; therefore, we find the time restraint in this Agreement does not invalidate the Agreement.

## B. Territory

[4] "A restriction as to territory is reasonable only to the extent it protects the legitimate interests of the employer in maintaining [its] customers." *Manpower, Inc. v. Hedgecock*, 42 N.C. App. 515, 523, 257 S.E.2d 109, 115 (1979). "[T]o prove that a geographic restriction in a covenant not to compete is reasonable, an employer must first show where its customers are located and that the geographic scope of the covenant is necessary to maintain those customer relationships." *Hartman v. Odell and Assocs., Inc.*, 117 N.C. App. 307, 312, 450 S.E.2d 912, 917 (1994), *disc. review denied*, 339 N.C. 612, 454 S.E.2d 251 (1995). " '[T]he territory embrace[d] [by the covenant] shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer.' " *A.E.P. Industries v. McClure*, 308 N.C. 393, 408, 302 S.E.2d 754, 763 (1983) (quoting *Asheville Associates v. Miller and Asheville Associates v. Berman*, 255 N.C. 400, 404, 121 S.E.2d 593, 595 (1961)).

The Agreement in this case defines the territory restriction as:

(1) Charlotte, North Carolina, or (2) in any other city, town, borough, township, village or other place in the State of North Carolina or the State of South Carolina in which city, borough, township, village or other place [Defendant] is engaged in rendering its services or selling its products.

These geographic areas included the city where Defendant's office is located and two states where Defendant may offer services. The Agreement also prevented Plaintiff from offering insurance services to "any person, firm or entity to whom [Defendant] has sold any product or service, *or quoted* any product or service." (emphasis added).

The geographic area is not limited to locations where Plaintiff had customers as an employee of Defendant. Rather, the geographic area encompasses two states regardless of whether Plaintiff had any personal knowledge of Defendant's customers in those areas. Further, the Agreement's restrictive covenant reaches not only current and former customers of Defendant, but also includes any person, firm, or entity to whom Defendant had merely quoted a product or service. Defendant's attempt to prevent Plaintiff from obtaining clients where Defendant had failed to do so, is an impermissible restraint on Plaintiff. Non-compete agreements may be directed at protecting a legitimate business interest. But in the case before us, where the Agreement reaches not only clients, but potential clients, and extends to areas where Plaintiff had no connections or personal knowledge of customers, the Agreement is unreasonable. *See Medical Staffing Network, Inc. v. Ridgway*, 197 N.C. App. ——, ——, 670 S.E.2d 321, 327-38 (2009). Therefore we hold the Agreement is invalid and unenforceable because the territory and customers encompassed by the Agreement are overly broad and not reasonably restricted to protect Defendant's legitimate business interests. The trial court's order determining the Agreement invalid and dismissing Defendant's counterclaim with prejudice is affirmed.

Affirmed.

Judges JACKSON and HUNTER, JR. concur.