THE PACKAGING HOUSE, INC., Plaintiff-Appellant, *v.* MARVIN HOFFMAN, Defendant-Appellee.

First District (3rd Division)   No. 82—2704

Opinion filed April 20, 1983.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (Saul A. Epton and Ronald A. Sandler, of counsel), for appellant.

Swanson, Ross, Hanfling & Block, of Chicago (Herbert Lee Caplan, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, The Packaging House, Inc., appeals from an order denying its motion for a preliminary injunction to enforce a restrictive covenant in an employment agreement that plaintiff had with defendant, Marvin Hoffman. We reverse and remand with directions that a pre-

liminary injunction be entered to enforce the agreement.

Plaintiff is a corporation involved in the design and sale of displays and packaging that are made to customer specifications. Although plaintiff does not do any of the actual design or packaging work, plaintiff has developed special detailed working relationships with certain designers and manufacturers which enable plaintiff to provide a full range of packaging design and display services to its customers.

Most of plaintiff's customers are located in Chicago, Minneapolis, New York and Cincinnati. In the Chicago area, there are approximately 30,000 potential customers for plaintiff's services. Plaintiff has a total of 350 active, mostly longstanding customers.

Plaintiff's customer list is marked "Confidential." The list is kept on plaintiff's premises under lock and key. A security system is provided for the location where the customer list is kept. The keys to that location are available only to certain officers and employees of plaintiff. Plaintiff also keeps its costs and pricing information in a secured and confidential manner.

Plaintiff has approximately 17 employees, including 10 salesmen. All the salesmen have signed employment agreements containing a restrictive covenant prohibiting solicitation of plaintiff's customers by a severed employee for 18 months. Defendant was employed by plaintiff as a salesman for about 8½ years. During the course of his employment, defendant signed an agreement which states:

*"Restrictive Covenant.*

(a) Upon the termination of this Employment Agreement for any reason whatsoever and for a period of eighteen (18) months thereafter, Employee shall not, directly or indirectly, either as an individual or on his own account, or as an employee, agent, salesman, or member of any person, corporation or firm or otherwise, provide services, call upon, solicit, enter into, or engage in the business conducted by Employer, with any account of Employer, which has purchased items from Employer within an eighteen (18) month period prior to the termination of employment, whether such account is brought into Employer's business by Employee or not ***.

(b) The Employee further acknowledges that the foregoing restrictions placed upon him are necessary and that in the event his employment with the Employer should terminate for any reason, he will be in a position to earn a livelihood without violating the foregoing restrictions, and that it has been made clear to him on behalf of the Employer that his ability to earn a livelihood without violating such restrictions is a material condition

to his employment or continuation of his employment by Employer.

* * *

*Disclosure of Information.*

(a) The Employee recognizes and acknowledges that all knowledge and information which he may acquire in the course of his employment hereunder relating to the business, developments, activities or products of Employer or the business affairs of any individual or firm doing business with Employer, such as, but not limited to, customer and supplier lists, cost and selling prices for specific customers, customers' needs and requirements, identity of manufacturing sources and product designs, and all inventions, ideas, discoveries, creations, developments, improvements, designs and processes so acquired (hereinafter collectively referred to as 'inventions') are the valuable property of Employer and shall be held by the Employee in confidence and trust for the sole benefit of Employer.

* * *"

On August 24, 1982, defendant terminated his employment with plaintiff and began soliciting business from plaintiff's accounts, utilizing plaintiff's suppliers and taking orders from plaintiff's customers. Defendant used plaintiff's confidential information to solicit plaintiff's accounts. Plaintiff instituted the present action to enforce the restrictive covenant signed by defendant.

Basically, defendant claims that plaintiff's motion for a preliminary injunction was properly denied because plaintiff does not possess an exclusive or near-permanent relationship with its customers, there is no evidence that defendant acquired trade secret information, and the trial court's discretion to deny the preliminary injunction was not abused. We reject defendant's arguments.

Ordinarily, an employer has no proprietary interest in its customers. However, an employer can utilize a restrictive covenant to protect itself from the disadvantageous use of confidential information revealed to an employee during the course of his employment. In addition, the protection of established clientele from takeover by a former employee is a legitimate interest of an employer. Thus, neither the existence nor the misuse of a trade secret is required to enforce a restrictive covenant. *Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 643-44, 425 N.E.2d 1060, 1066.

■■ It is for these reasons that a covenant not to compete will be enforced if the employee acquired confidential information through his employment and subsequently attempted to use it for his own benefit.

Also, an employer's interest in its customers may be deemed proprietary if by the nature of the business the customer relationship is near-permanent and but for his association with his employer, the employee would never have had contact with the clients in question. *Morrison Metalweld Process Corp. v. Valent* (1981), 97 Ill. App. 3d 373, 376, 422 N.E.2d 1034, 1037.

Here, we conclude that defendant acquired confidential information through his employment with plaintiff and subsequently attempted to use the information for his own benefit. Also, we conclude that the customer relationship that plaintiff maintained with its customers was near-permanent and that but for his association with plaintiff, defendant would not have had contact with the clients in question.

■■ In order to obtain a preliminary injunction, a movant must establish irreparable injury and the likelihood of success on the merits. Likelihood of success on the merits does not mean a showing which will in all events warrant relief in the final hearing. Rather, it means that the movant must demonstrate that he is probably entitled to the relief prayed for if the proof should sustain his allegations. In addition, it must be demonstrated that the granting of the preliminary relief outweighs any possible injury which defendant might suffer by its issuance. (*Booth v. Greber* (1977), 48 Ill. App. 3d 213, 217, 363 N.E.2d 6, 9; *Morrison Metalweld Process Corp. v. Valent* (1981), .97 Ill. App. 3d 373, 375, 422 N.E.2d 1034, 1036.) In the present case, we believe the manifest weight of the evidence establishes that plaintiff is entitled to the issuance of a preliminary injunction.

■■ Although the decision to grant or deny a preliminary injunction rests within the sound discretion of the trial court, there must be a sufficient showing to sustain the order of the trial court granting or denying the relief sought. (*MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 240, 445 N.E.2d 418, 426.) We conclude that the record in this case is not sufficient to sustain the order of the trial court denying the relief sought and that therefore the trial court erred in denying plaintiff's motion for a preliminary injunction.

Accordingly, the order denying plaintiff's motion for a preliminary injunction is reversed, and the case is remanded with directions to enter a preliminary injunction to enforce the restrictive covenant agreement signed by defendant.

Reversed and remanded with directions.

McGILLICUDDY and WHITE, JJ., concur.