WALLACE COMPUTER SERVICES, INC., PLAINTIFF v. RICHARD B. WAITE
AND WILLAMETTE INDUSTRIES, INC., DEFENDANTS

No. 8826SC1253

(Filed 5 September 1989)

## Contracts § 7.1; Master and Servant § 11— covenant not to compete —legitimate business interest—enforceability under Illinois law

A noncompetition clause in a sales representative agreement was valid and enforceable under Illinois law since plaintiff had a legitimate business interest in need of protection by a noncompetition agreement based on plaintiff's near permanent relationship with its customers and defendant's acquisition of confidential information detailing the purchasing history of each customer.

APPEAL by plaintiff from *Snepp, Judge*. Order and judgment entered 9 June 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 June 1989.

Plaintiff, in suing Richard B. Waite, a former employee, and Willamette Industries, Inc., his new employer and plaintiff's competitor in the business forms and computer service industry, alleged the following causes of action—(1) against Waite for breaching his contract not to compete with plaintiff for two years following the termination of his employment; (2) against Waite and Willamette for common law unfair competition; (3) against Willamette for tortious interference with contract; (4) against Waite and Willamette for tortious interference with prospective economic advantage; and (5) against Waite and Willamette for violating the North Carolina Trade Secrets Protection Act. After various developments the court denied plaintiff's request for a preliminary injunction and dismissed all the actions by summary judgment upon findings and conclusions, in substance, that though the scope of the restrictive covenant was reasonable, it was not reasonably necessary to protect any legitimate business interest plaintiff had, and thus was not enforceable under Illinois law, which the parties agree governs the case.

The exhibits and other materials before the court indicate the following: Defendant Waite had no previous experience in the business forms and computer service industry when plaintiff employed him as a sales representative by an agreement providing as follows:

1. Scope of Employment: Under the direction of the Company, the Sales Representative shall devote his whole time and best efforts, as a non-exclusive sales representative of the Company, to the solicitation of orders for such products of the Company, and in such territory or with respect to such accounts, as shall be assigned to him from time to time. . . .

2. Confidential Information: The Sales Representative shall not disclose to any unauthorized person any confidential information he may obtain regarding the Company's products, customers or methods of doing business, nor use such information, either during the term of his employment by the Company or thereafter, except in the furtherance of the business of the Company.

. . . .

4. Competition: For a period of two years commencing with the termination of this Agreement pursuant to its terms, the Sales Representative shall not sell to, contact or deal with the accounts or customers to which he had been assigned or that he had otherwise dealt with during his employment by the Company with respect to products or services which are then competitive with one or more products or services of the Company. During said period of time, the Sales Representative shall not induce or attempt to induce any sales representative or other employee of the Company to leave its employ, engage in any competing business, or to otherwise aid or assist any person or company which is or intends to be in competition with the Company. The legal and equitable remedies available to sales representatives or other employees of the Company against the Sales Representative for violations of the provisions of this paragraph shall in no way detract from, but shall be in addition to, such remedies available to the Company.

Defendant Waite worked for plaintiff primarily in the Charlotte, North Carolina area for over five years, first as a sales representative, then as District Manager. While there he had access to plaintiff's records, which *inter alia* document the entire purchasing history of each customer in the district, including the type, quantity and frequency of products purchased, price concessions made for each product, and the gross profit derived from the sale of each product to each customer. Many of the customers covered by plaintiff's records had been regular customers of plaintiff for several

years. Within a month after leaving plaintiff and joining defendant Willamette Industries Waite *inter alia* used information acquired at Wallace in preparing a list of Charlotte area businesses that own and use particular types of laser printers; and gave his supervisor copies of computer customer information obtained from Wallace's records.

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Sydnor Thompson and Keith Weddington, and Butler, Rubin, Newcomer, Saltarelli & Boyd, Chicago, Illinois, by Ellen Claire Newcomer and Stephanie Leider, for plaintiff appellant.*

*Petree Stockton & Robinson, by John T. Allred and J. Neil Robinson, for defendant appellees.*

PHILLIPS, Judge.

The only question raised by plaintiff's appeal is whether the non-competition agreement between plaintiff and defendant Waite is unenforceable as a matter of law under the law of Illinois; for all of plaintiff's actions are based upon the contract and the court dismissed them on the sole ground that the contract is not enforceable under the law of Illinois. The ruling is erroneous, and we vacate it.

While the general rule in Illinois is that an employer has no proprietary interest in its customers, *The Packaging House, Inc. v. Hoffman*, 114 Ill. App. 3d 284, 448 N.E.2d 947 (1983), it has been repeatedly held there, as stated in *The Instrumentalist Co. v. Band, Inc.*, 134 Ill. App. 3d 884, 892, 480 N.E.2d 1273, 1279 (1985) and the many cases cited therein, that an employer can have a proprietary interest in its customers for the purpose of enforcing a covenant not to compete —

(1) where the former employee acquired confidential information through his employment and subsequently attempted to use it for his own benefit, and (2) where, by nature of the business, the customer relationship is near-permanent and, but for his association with plaintiff [the employee], would not have had contact with the customers in question.

Plaintiff's forecast of proof indicates that both of these situations exist in this case. The detailed customer information plaintiff recorded through the years, that its salesmen used in getting orders from the customers, and that Waite took to the competitor was clearly

RIVER HILLS COUNTRY CLUB v. QUEEN CITY SPRINKLER CORP.

[95 N.C. App. 442 (1989)]

confidential and of a type to give Willamette an advantage in seeking orders from plaintiff's customers, many of whom had regularly bought supplies from plaintiff for many years and would not have been known to Waite except for his employment by plaintiff. Illinois permits employers to protect themselves against such tactics. *Donald McElroy, Inc. v. Delaney*, 72 Ill. App. 3d 285, 389 N.E.2d 1300 (1979).

And for that matter in *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 370 S.E.2d 375 (1988), our Supreme Court held that under Illinois law an employer can properly prevent a former employee from disclosing information of the type here involved to its competitors. This holding was enlarged upon in *Whittaker General Medical Corp. v. Daniel*, 324 N.C. 523, 526, 379 S.E.2d 824, 826 (1989), also involving Illinois law, where it was said, "customers developed by a salesperson are the property of the employer and may be protected by contract under which the salesperson is forbidden from soliciting those customers for a reasonable time after leaving his . . . employment."

Vacated and remanded.

Judges BECTON and LEWIS concur.