BELLEFONTE UNDERWRITERS INSURANCE COMPANY v. ALFA AVIATION, INC., WILLIAM AXSON SMITH, JR., MARY JO BECK, DONNA STOCKS, WILLIAM T. TAYLOR AND J. D. DAWSON COMPANY, INC.

No. 237PA83

(Filed 6 March 1984)

Insurance § 147— aircraft insurance policy—rented aircraft—no liability coverage for pilot or passengers

Neither an "airport" liability policy nor a "aircraft" liability insurance policy provided liability coverage to the pilot or to the passengers where the terms of the airport policy insured against hazards relating to the "ownership, maintenance or use" of the airport premises, the aircraft policy specifically excluded persons operating the aircraft under terms of a rental agreement, as the pilot was, and the aircraft policy protected the passengers only against their liability for the injury of others.

ON petitions for further review and a petition for certiorari to review a decision of the Court of Appeals, 61 N.C. App. 544, 300 S.E. 2d 877 (1983), reversing a judgment of *Judge Reid,* presiding in PITT Superior Court.

*Maupin, Taylor & Ellis, P.A., by Thomas W. H. Alexander and M. Keith Kapp for plaintiff appellee.*

*Taft, Taft & Haigler by Kenneth E. Haigler and Thomas F. Taft for Alfa Aviation, Inc., defendant appellant.*

*James, Hite, Cavendish & Blount by M. E. Cavendish and Charles R. Hardee for William Axson Smith, Jr., defendant appellant.*

*Dixon, Duffus & Doub by J. David Duffus, Jr. and Michael C. Stamey for Donna Stocks, defendant appellant; Williamson, Herrin, Stokes & Heffelfinger by Ann J. Heffelfinger Barnhill for Mary Jo Beck, defendant appellant.*

PER CURIAM.

This is a declaratory judgment action brought to determine whether an "airport" liability policy and the liability coverages of an "aircraft" insurance policy, issued by plaintiff to defendant Alfa Aviation, Inc., provide coverage for personal injuries suffered by defendants Beck and Stocks in an airplane crash which occurred on 20 June 1978 near Belhaven. At the time of the crash, the airplane was being piloted by defendant Smith who had rented it from Alfa Aviation. It was owned by Kadima Corporation but had been leased by Kadima to defendant Alfa Aviation to be used by Alfa Aviation in its airplane rental business as a rental airplane.

On 15 February 1982 Judge Reid, presiding in Pitt County Superior Court, concluded that the policies did provide coverage and entered summary judgment for defendants. The Court of Appeals, in an opinion by Judge Braswell, concurred in by Judges Hedrick and Whichard, reversed and remanded the case for entry of summary judgment for plaintiff. We allowed petitions for further review filed by defendants Alfa Aviation, Beck, and Stocks. We allowed a petition for certiorari filed by defendant Smith.

These facts are not in dispute: On 20 June 1978 the airplane rented by Smith from Alfa Aviation and piloted by him crashed. The airplane was destroyed. Smith and three passengers, Beck, Stocks, and Taylor, suffered injuries. The three passengers brought claims for their personal injuries against Smith, Alfa Aviation, and J. D. Dawson Company, Smith's employer, alleging Smith's negligence in piloting the airplane and Alfa Aviation's negligence in entrusting the airplane to Smith. Upon Alfa Aviation's demand, plaintiff provided it with a defense in these personal injury actions under a reservation of rights, denying that its policies provided coverage for Alfa Aviation or any of the other defendants.

These actions by the injured parties against Smith, Alfa Aviation and J. D. Dawson Company terminated as follows: Tay-

lor dismissed his claim with prejudice. A directed verdict in favor of Alfa Aviation was granted by the trial court. The jury found that the pilot Smith was not at the time of the crash acting as the agent of J. D. Dawson Company. The jury found that Beck and Stocks were injured by the negligence of Smith and awarded damages to these parties for their personal injuries. A judgment was entered that Beck and Stocks have and recover such damages against Smith. No appeal by Beck and Stocks from this judgment has been perfected. As to them, the judgment is final.[1]

Since it has been finally determined that Alfa Aviation is not liable to any of the parties injured in the crash, the question of whether the policies in question provide liability coverage to Alfa Aviation is now moot and need not be addressed.

We think it clear that the policies provided no liability coverage to the pilot Smith. The airport liability policy essentially insures against hazards relating to Alfa Aviation's "ownership, maintenance or use" of its premises at the airport where it had its operations. Specifically, the policy provides that the hazard insured against is

> the ownership, maintenance or use of the premises for the purpose of an airport and all operations either on the premises or elsewhere which are necessary, usual and incidental thereto.

Expressly excluded from coverage is "any aircraft owned by, hired by, loaned to, or operated for the account of the Insured." The policy further excludes from coverage "machinery, equipment or other property rented to . . . others or to the operations in connection therewith, while away from the premises described in the declarations."

It is equally clear that the aircraft insurance policy issued by plaintiff provided no liability coverage to the pilot Smith. That policy contained the following provisions:

> III. DEFINITION OF 'INSURED.' The unqualified word 'Insured' wherever used in this policy with respect to Coverage A, B,

---

1. The facts in this paragraph did not appear in the record on appeal in the Court of Appeals. They were added to the record in this Court by our order on 3 November 1983 allowing plaintiff's motion to so amend the record filed on 12 October 1983.

C, and D [the liability coverage] includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured.

*The provisions of this paragraph do not apply:*

. . .

(c) To any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for Use of said aircraft.

Since Smith was operating the aircraft under the terms of a rental agreement for which he paid a fee to the named insured Alfa Aviation, Smith was not an insured under the clear terms of the policy's definition of an insured.

Finally, we are satisfied that defendants Beck and Stocks may not recover from plaintiff as "insureds" under the terms of the aircraft policy set out above. It is true that they were "riding in the aircraft" at the time it crashed. But the "insureds" referred to are not protected against their own injury. They are protected only against their liability for the injury of others. As defendant Smith's brief in this case states, the aircraft policy "provided single limit bodily injury and property damage coverage to the policyholder and passengers *against liability. . . .*" (Emphasis supplied.) No claim of liability has been made against defendants Beck and Stocks.[2]

For the reasons stated herein, the decision of the Court of Appeals is

Affirmed.

---

2. The parties have not argued and we do not address whether Beck and Stocks may recover from plaintiff under the "medical payments" coverage of the aircraft policy.