JO ANN W. RAMSEY AND RICKY ALAN RAMSEY v. INTERSTATE INSUR-
    ORS, INC., INTERSTATE CASUALTY INSURANCE COMPANY, AND
    DOUG CLARK D/B/A DOUG CLARK & ASSOCIATES

No. 8728SC800

(Filed 1 March 1988)

1. **Declaratory Judgment Act § 4.3— liability of insurance company—no genuine controversy between parties**

   A declaratory judgment granted by the trial court on the issue of liability insurance coverage was reversed where no legal action had been taken against the insured regarding an automobile accident, the evidence and pleadings did not establish that litigation was imminent and unavoidable and, in the absence of any evidence that the policy so required, the insurer did not have a duty to investigate the accident and negotiate a settlement without any suit having been filed.

2. **Appeal and Error §§ 1, 5.1— subject matter jurisdiction—no exceptions or assignments of error—properly raised**

   The issue of subject matter jurisdiction was properly before the Court of Appeals regardless of any failure to set forth exceptions or assignments of error relating to the issue because the Court may raise the issue of subject matter jurisdiction on its own motion even if it was not argued by the parties in their briefs.

APPEAL by defendants, Interstate Insurors, Inc. and Interstate Casualty Insurance Company, from *James U. Downs, Judge.* Judgment entered 1 April 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 1 February 1988.

*Long, Parker, Payne & Warren, P.A., by Ronald K. Payne for plaintiff-appellees.*

*Roberts, Stevens & Cogburn, P.A., by Steven D. Cogburn and Glenn S. Gentry for defendant-appellants.*

BECTON, Judge.

This is an appeal by defendants, Interstate Casualty Insurance Company (Interstate) and its general agent, Interstate Insurors, Inc. (Interstate Insurors), from a judgment declaring that the liability provisions of an automobile insurance policy insuring the plaintiffs, Jo Ann W. Ramsey and her son, Ricky Alan Ramsey, were in full force and effect on 1 December 1985, the date on which Ricky Alan Ramsey was involved in a two-vehicle collision.

Because we find no actual controversy between the parties sufficient to invoke a court's jurisdiction to render a declaratory judgment, we reverse the judgment of the trial court.

I

The insurance policy in question—which was issued by Interstate to Mrs. Ramsey, named Ricky Alan Ramsey as an additional insured, and included both liability and collision coverage—was procured for the Ramseys by Doug Clark, an independent insurance agent. The stated original policy period was from 20 October 1984 to 20 October 1985. On 1 December 1985, Ricky Alan Ramsey was involved in a collision with another vehicle owned and operated by Theresa Stewart. At that time, the Ramseys had not paid an insurance renewal premium.

In February 1986, the Ramseys brought this action against Interstate, Interstate Insurors, and Doug Clark, alleging that the insurance policy was still in effect on the date of the accident because the defendants had failed to send the Ramseys a cancellation notice, premium renewal notice, or notice of intention not to renew pursuant to N.C. Gen. Stat. Sec. 20-310(f) and (g) (Cum. Supp. 1987). The Ramseys sought to recover $3,653.39 for property damage to their automobile, and requested declaratory relief ordering the insurance company to defend them in accordance with the policy provisions in the event a civil action was instituted against them by Theresa Stewart.

Subsequently, the action against Doug Clark was severed, and he is thus not a party to this appeal. The property damage claim was dismissed, upon motion of the defendants, for failure to state a claim for which relief could be granted, and no appeal was taken from this order. Defendants also moved to dismiss the claim for declaratory relief on the ground that the Ramseys merely sought an advisory opinion and no true controversy existed, but that motion was denied. The trial judge also denied the defendants' motions for judgment on the pleadings and for summary judgment.

The matter was heard 23 March 1987 without a jury. After considering stipulations of fact filed by the parties and arguments of counsel, the trial judge ruled that the Ramseys' liability insurance coverage was in full force and effect on the date of the

accident due to the failure of the insurer to cause a notice of cancellation or refusal to renew to be sent to Mrs. Ramsey.

## II

[1]   On appeal, the defendants raise challenges to the trial court's ruling on the merits and to the court's jurisdiction to render a declaratory judgment in this case. Because we conclude there is an insufficient actual controversy between the parties to establish jurisdiction for purposes of declaratory relief, we need not consider the merits of the case.

It is well-established by our case law that a court has no jurisdiction to render a declaratory judgment unless the pleadings and evidence disclose the existence of an actual, genuine, existing controversy between parties having adverse interests in the matter in dispute. *See, e.g., Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 347 S.E. 2d 25 (1986); *Gaston Board of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E. 2d 59 (1984). Our Supreme Court, in discussing the "actual controversy" requirement in *Gaston Board of Realtors*, explained:

> Although it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable. *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 206 S.E. 2d 178. Mere apprehension or the mere threat of an action or a suit is not enough. *Newman Machine Co. v. Newman*, 2 N.C. App. 491, 163 S.E. 2d 279 (1968), *rev'd on other grounds*, 275 N.C. 189, 166 S.E. 2d 63 (1969). Thus the Declaratory Judgment Act does not "require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise." *Town of Tryon v. Power Co.*, 222 N.C. at 204, 22 S.E. 2d at 453 (1942).

*Id.* at 234, 316 S.E. 2d at 61-62.

A question concerning the liability of an insurance company under its policy is generally a proper subject for a declaratory judgment, provided a genuine controversy exists between the parties. *E.g., Nationwide Mutual Insurance Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654 (1964); *Nationwide Mutual Insurance Co. v. Aetna Casualty and Surety Co.*, 1 N.C. App. 9, 159 S.E. 2d 268

(1968). However, the cases in which a declaratory judgment has been found appropriate for determining the existence or extent of insurance coverage have involved situations in which legal action was pending, or judgment had been entered, against the insured. *See, e.g., Roberts; Lumber Mutual Casualty Insurance Co. v. Wells*, 225 N.C. 547, 35 S.E. 2d 63 (1945); *Hobson Construction Co. v. Great American Insurance Co.*, 71 N.C. App. 586, 322 S.E. 2d 632 (1984), *disc. rev. denied*, 313 N.C. 329, 327 S.E. 2d 890 (1985); *Bellefonte Underwriters Insurance Co. v. Alfa Aviation, Inc.*, 61 N.C. App. 544, 300 S.E. 2d 877 (1983), *aff'd*, 310 N.C. 471, 312 S.E. 2d 426 (1984); *Travelers Insurance Co. v. Curry*, 28 N.C. App. 286, 221 S.E. 2d 75, *disc. rev. denied*, 289 N.C. 615, 223 S.E. 2d 396 (1976).

It does not appear from the record in the present case that any legal action has been taken against the Ramseys regarding the automobile accident. Rather, the Ramseys apparently have pursued their claim in order to establish the existence of coverage *in case* a claim is brought in the future. Nor do the evidence and pleadings establish that litigation is imminent and unavoidable. The Ramseys merely alleged in amendments to their Complaint:

27. That Plaintiffs have been contacted by a representative of the insurance company for Theresa Stewart, driver and owner of the other vehicle involved in the accident of December 1, 1985, inquiring as to the insurance coverage of Plaintiffs. That based upon conversations with the representative of said insurance company, Plaintiffs believe that Theresa Stewart or her insurance company as subrogee may institute a civil action against Plaintiff seeking to recover for the alleged personal injuries and property damage sustained in the motor vehicle accident of December 1, 1985.

28. That upon information and belief, it is alleged that Teresa (sic) Stewart has contacted the Defendants Interstate Insurors Inc., and Interstate Casualty Insurance Company and made claims for damages which she suffered as a direct and proximate result of the accident complained of occurring on December 1, 1985. It is further alleged upon information and belief that Defendant[s] Interstate Insurors, Inc., and Interstate Casualty Insurance Company have denied said claim

and contend that Plaintiffs had no liability insurance in effect with said Defendants at the time of the accident complained of, to wit: December 1, 1985.

These allegations were denied by the defendants. No evidence was presented regarding the accident or the likelihood of a lawsuit arising from it.

In our view, neither the allegation that Theresa Stewart *may* file a civil action against the Ramseys nor the bare allegation, based upon information and belief, that she had made claims for damages upon Interstate establishes a genuine existing controversy. Moreover, in the absence of any evidence that the policy so required, we reject the Ramseys' contentions that the insurer had a duty to investigate the accident and negotiate a settlement without any suit having been filed, and that the existence of such a duty created a present controversy between the parties. Unless and until an actual claim arising out of the 1 December 1985 accident has been filed against the Ramseys or appears unavoidable, we conclude that their interest in the existence of insurance coverage for any such claim is purely academic and that the issue is not ripe for determination by declaratory judgment.

[2] In addition, we summarily reject the Ramseys' argument that the defendants have not properly raised the jurisdiction question on appeal due to the failure to set forth any exceptions or assignments of error relating to this issue. This Court may raise the question of subject matter jurisdiction on its own motion, even if it was not argued by the parties in their briefs, *see, e.g., Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E. 2d 567, 571 (1978), *cert. denied*, 296 N.C. 583, 254 S.E. 2d 32 (1979). Hence, we may address the issue in this case in which it *was* raised in the briefs, regardless of any technical defect in the record.

### III

In conclusion, we hold that, because the record reveals no pending action against the Ramseys and no practical certainty of any future action against them, the "actual controversy" prerequisite for jurisdiction has not been satisfied. Therefore, the judgment of the trial court is

Reversed.

Chief Judge HEDRICK and Judge SMITH concur.