METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO., PLAINTIFF-APPELLANT
v. JANNIS C. CAVINESS, DEFENDANT-APPELLEE

No. COA96-163

(Filed 17 December 1996)

### 1. Declaratory Judgment Actions § 12 (NCI4th)— subject matter jurisdiction—pending personal injury action—UIM coverage—potential liability

The trial court had subject matter jurisdiction to enter its declaratory judgment on the amount of UIM coverage where there was no underlying judgment from the defendant's pending personal injury action. Plaintiff insurer instituted a declaratory judgment action seeking a determination of the amount of UIM coverage plaintiff's policy accorded the defendant where plaintiff had a pending personal injury against another party and that party's insurance policy limit had been exhausted. Although no final judgment had been entered in the underlying personal injury action, plaintiff was liable, to the limit of its UIM coverage, for the difference between the total damages awarded and the amount of the settlement in the underlying claim. The potential of defendant's liability constituted an actual controversy between the plaintiff and defendant; therefore, declaratory relief was appropriate. N.C.G.S. § 20-279.21(b)(4)

**Am Jur 2d, Declaratory Judgments §§ 121-137.**

2. **Insurance § 528 (NCI4th)— UIM coverage—failure to make selection—amount of coverage**

Absent completion of an approved selection or rejection form, an insured is, as a matter of law, entitled to one million dollars in UIM coverage pursuant to N.C.G.S. § 20-279.21(b)(4) (1991).

**Am Jur 2d, Automobile Insurance § 322.**

Appeal by plaintiff from order entered 16 November 1995 by Judge James C. Davis in Guilford County Superior Court. Heard in the Court of Appeals 22 October 1996.

*Morris, York, Williams, Surles & Brearley, by R. Gregory Lewis, for plaintiff-appellant.*

*Law Offices of Stephen A. Lamb, by Stephen A. Lamb and Christine M. Lamb, and Law Offices of Todd E. McCurry, by Todd E. McCurry, for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff Metropolitan Property and Casualty Insurance (Metropolitan) appeals from order of the trial court granting judgment on the pleadings to defendant Jannis Caviness (Caviness).

It is undisputed that on 29 February 1992 Caviness was involved in an automobile accident with Linda Lee Nifong (Nifong) in High Point, North Carolina. At the time of the accident, Caviness was covered by an insurance policy issued to her by Metropolitan (Metropolitan policy). Nifong's insurance company, Unison Insurance Company, exhausted the limits of its liability coverage, $50,000, in payments to Caviness and the passengers in her car. Specifically, Caviness received $21,643.49.

Caviness then notified Metropolitan she was asserting a claim against the underinsured motorist (UIM) coverage in her policy. At no time prior to the accident did Caviness execute a selection/rejection form thereby establishing the limit of her UIM coverage. On 16 March 1992, however, Caviness executed the requisite form and selected coverage of $100,000 per person and $300,000 per accident.

On 30 November 1994 Metropolitan instituted the present declaratory judgment action seeking a determination of the amount of UIM coverage the Metropolitan policy accords Caviness. On 16

October 1995 Caviness, pursuant to N.C.R. Civ. P. 12(c), made a motion for judgment on the pleadings which the trial court granted on the same day. In its order, the trial court, relying on N.C. Gen. Stat. § 20-279.21(b)(4) (1991), concluded the Metropolitan policy provided one million dollars in UIM coverage from 25 January 1992 to 16 March 1992, at which time Caviness selected UIM coverage in the amounts detailed above.

On appeal Metropolitan contends the trial court erred by granting Caviness' motion for judgment on the pleadings because: (1) Caviness selected UIM coverage in the amount of $100,000; (2) section 279.21(b)(4) mandates, absent selection or rejection, that UIM coverage should be equal to the amount of liability coverage; (3) the pleadings disclose issues of fact; and (4) the trial court lacked subject matter jurisdiction.

I.

**[1]** We first consider Metropolitan's allegation the trial court lacked subject matter jurisdiction to enter the present declaratory judgment because there was no actual controversy between the parties.

If an actual controversy exists between parties, it is well settled that a declaratory judgment action is an appropriate mechanism for resolving the extent of coverage provided by an insurance contract. *Ramsey v. Interstate Insurors, Inc.*, 89 N.C. App. 98, 100-101, 365 S.E.2d 172, 174, *disc. review denied*, 322 N.C. 607, 370 S.E.2d 248 (1988). The "actual controversy" requirement is satisfied if "litigation appear[s] unavoidable." *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984) (citations omitted). "Mere apprehension or the mere threat of an action or a suit is not enough." *Id.* at 234, 316 S.E.2d at 62.

In the present case, a personal injury action was pending against Nifong when the trial court granted judgment on the pleadings to Caviness. Although no final judgment had been entered in the underlying personal injury action, Metropolitan is liable, to the limit of its UIM coverage, for the difference between the total damages awarded and the amount of Nifong's settlement. N.C. Gen. Stat. § 20-279.21(b)(4) (1991). Therefore, an actual controversy exists between Caviness and Metropolitan. *See Smith v. Nationwide Mutual Ins. Co.*, 97 N.C. App. 363, 366-367, 388 S.E.2d 624, 626-627 (1990), *rev'd on other grounds*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991).

To hold otherwise, as urged by Metropolitan, would deprive Caviness of information necessary for an informed decision on whether to accept a settlement offer or to pursue the underlying personal injury action. *Smith*, 97 N.C. App. at 367, 388 S.E.2d at 627. Such a holding would also ignore the reality that the majority of insurance claims are settled out-of-court. *Id.* Accordingly, as "declaratory [] relief was intended to avoid precisely the 'accrual of avoidable damages to one not certain of [her] rights,' " *id.*, we conclude the trial court had subject matter jurisdiction to enter its declaratory judgment.

## II.

**[2]** Because the trial court had the requisite subject matter jurisdiction, we now turn to the dispositive issue—whether, absent selection or rejection of UIM coverage by the insured, N.C. Gen. Stat. § 20-279.21(b)(4) mandates UIM coverage in an amount equal to the limit of liability coverage, or, alternatively, in the amount of one million dollars.

The 1991 version of section 20-279.21(b)(4) (1991 statute) governs the present action. The 1991 statute provides, in pertinent part:

(b) Such owner's policy of liability insurance:

. . . .

(4) Shall . . . provide underinsured motorist coverage . . . <u>in an amount not to be less than the financial responsibility amounts for bodily injury liability as set forth in G.S. 20-279.5 nor greater than one million dollars [] as selected by the policy owner</u>.

N.C. Gen. Stat. § 20-279.21(b)(4) (Cum. Supp. 1991) (emphasis added). As codified, however, the 1991 statute is inherently ambiguous regarding the amount of UIM coverage to accord an insured absent a selection or rejection of such coverage. Put simply, when, as here, an insured fails to select or reject UIM coverage, the 1991 statute provides no more than a range of possible coverage limits— not less than liability coverage but not more than one million dollars.

Any ambiguity in the Financial Responsibility Act (Act), which includes section 20-279.21(b)(4), must be liberally construed to effectuate the Act's remedial purpose—protecting innocent victims of automobile accidents from financially irresponsible motorists.

*Insurance Co. v. Insurance Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444 (1967). *See also Hendrickson v. Lee*, 119 N.C. App. 444, 449, 459 S.E.2d 275, 278 (1995) (remedial legislation, like the Act, is to be liberally construed to effectuate its beneficial purpose). Toward that end, we note the underlying purpose of the Act, which remains unchanged even today, "is best served when [every provision of the Act] is interpreted to provide the innocent victim with the *fullest possible protection*." *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 324 N.C. 221, 225, 376 S.E.2d 761, 764 (1989) (emphasis added).

In *Proctor*, our Supreme Court was confronted with a similar interpretative conundrum—the applicable version of section 20-279.21(b)(4) did not specify the amount of UIM coverage a policy must provide, but rather only indicated UIM coverage was " '*not to exceed*' the policy limits for automobile bodily injury liability as specified in the owner's policy." *Id.* at 223, 376 S.E.2d at 763 (emphasis added). The *Proctor* Court, in an attempt to accord the plaintiff with the greatest possible recovery, found the policy in question provided UIM coverage up to the limit of the liability coverage. *Id.* at 225-226, 376 S.E.2d at 764.

Admittedly, the *Proctor* Court cited a subsequent clarifying amendment as further support for their interpretation of the applicable version of section 20-279.21(b)(4). Metropolitan relies heavily on the *Proctor* Court's use of this "additional evidence" in arguing this Court should likewise consider the 1992 amendments to section 20-279.21(b)(4)[1] in construing the 1991 statute. Although we recognize that, under certain circumstances, clarifying amendments are useful interpretive aids, *see, e.g., Al Smith Buick Co. v. Mazda Motor of America*, 122 N.C. App. 429, 435, 470 S.E.2d 552, 555, *disc. review denied*, 343 N.C. 749, 473 S.E.2d 609 (1996), it is readily apparent that Metropolitan's proposed interpretation would accord the innocent victim of an underinsured tortfeasor the minimum level of protection under the 1991 statute. Such a holding clearly contravenes the policy of the Act which, as acknowledged by our Supreme Court, "is best served when the statute is interpreted to provide the innocent victim with the *fullest possible protection*." *Proctor*, 324 N.C. at 225, 376 S.E.2d at 764 (emphasis added).

---

1 The 1992 amendment to section 20-279.21(b)(4) provides, in pertinent part, that, "If the named insured does not reject underinsured motorist coverage and does not select different coverage limits, the amount of underinsured motorist coverage shall be equal to the highest limit of bodily injury liability coverage for any one vehicle in the policy." 1991 N.C. Sess. Laws (1992 Reg. Sess.) ch. 837, § 9.

Therefore, under *Proctor, Insurance Co.*, and *Hendrickson*, we conclude that absent completion of an approved selection or rejection form the insured is, as a matter of law, entitled to one million dollars in UIM coverage. Accordingly, we affirm the trial court's grant of judgment on the pleadings to Caviness.

Finally, we note, after careful review of the present record, that Metropolitan's remaining assignments of error are wholly without merit.

Affirmed.

Judges LEWIS and WALKER concur.